UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Nathan Lee Tarpein, Sr., and Nicholas Ryan Fox, | Case No. 1:23-cv-05683-JFA |
| PLAINTIFFS, | |
| v. | |
| South Carolina Department of Natural Resources; Robert Boyles, in his Official Capacity, and Officer William S. McDaniel, | **ORDER** |
| DEFENDANTS. | |

# I. FACTS AND PROCEDURAL HISTORY

Nathan Tarpein, Sr. and Nicholas Fox ("Plaintiffs" or "Tarpein and Fox") filed this action against South Carolina Department of Natural Resources ("SCDNR"), Robert Boyles ("Boyles"), and William McDaniel ("McDaniel") (collectively "Defendants"). The complaint alleges unreasonable search and seizure in violation of Title 42 U.S.C. § 1983 and the state-law claims of false arrest, malicious prosecution, defamation, and negligence pursuant to the South Carolina Torts Claim Act ("SCTCA"), S.C. Code Ann. § 15-78-10, *et seq*.

Plaintiffs' claims stem from their arrest on June 15, 2021. Plaintiffs allege that they were arrested and prosecuted for removing submerged timbers on the Georgia side of the Savannah River and that South Carolina law did not apply. Plaintiffs assert that they have suffered various injuries as a result of their arrests, including the wrongful denial of licenses

to raise timber, incarceration, reputational damage, and the lengthy retention of their cell phones.

By way of background, Plaintiff's complaint was filed in state court on June 14, 2023. ECF No. 1-2. On November 7, 2023, Defendants filed a notice of removal to the United States District Court for the District of South Carolina. ECF No. 1-3. On the same day, Defendants filed an Answer and Motion to Dismiss for Failure to State a Claim. ECF No. 4. Plaintiff filed a response in opposition on November 21, 2023. ECF No. 8. On January 3, 2024, United States Magistrate Judge Shiva V. Hodges issued a report and recommendation, recommending this Court grant in part and deny in part Defendant's motion to dismiss. ECF No. 11.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). Plaintiff has filed a single objection to the Report. ECF No. 13. The time to file a response to Plaintiff's objection has passed. *Id*. Accordingly, this matter is ripe for review.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate

Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to

which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

# III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. ECF no. 11. In response to the Report, Plaintiff enumerated one objection. ECF No. 13. Specifically, Plaintiffs take issue with the Report's recommendation that the state-law claims against McDaniel be dismissed as the complaint does not allege that McDaniel acted with requisite intent. In lieu of dismissal, Plaintiffs argue they should be given leave to amend the complaint as necessary.

### A. Court's Analysis

Plaintiffs dispute the Report's conclusion that their complaint "is devoid of any allegation" that McDaniel's "conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude' such that he could be held personally responsible for his actions as to their false arrest and defamation claims." ECF No. 11 at 7; *See also* S.C. Code Ann. § 15-78-70(b). However, Plaintiffs do not focus on their dispute with the Report's conclusion about the

sufficiency of their complaint. Rather, the Plaintiffs assert that they should be given leave to amend their complaint.

The Court feels compelled to note that the Plaintiffs' request for leave to amend the complaint was not raised before the Magistrate Judge. Instead, the Plaintiffs made their request for leave to amend for the first time in their objection to the Report. While emphasizing that this issue was never raised before the Magistrate Judge, the Court understands that the Supreme Court of the United States has referred to Rule 15(a)'s "freely given" provision as a "mandate" that "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962). The *Foman* Court further stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id*. (citing Fed. R. Civ. P. 15(a)). Mindful that a decision on the merits is preferable to one made on the basis of formality and technicality, the Court finds it appropriate that leave to amend should be given here.

## IV. CONCLUSION

After careful consideration, the Court concludes that Plaintiffs' objection raises issues which were not presented to the Magistrate Judge for review. Though raised for the first time as an objection to the Report, the Court concludes that Plaintiffs' request for leave

to amend the complaint should be granted. Accordingly, the Court declines to adopt the Report for the reasons outlined above. This matter is recommitted to the Magistrate Judge for further proceedings consistent with this Order. Plaintiffs are directed to file an amended complaint within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED**.

_____
Joseph F. Anderson, Jr.
United States District Judge

March 19, 2024
Columbia, South Carolina