UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Nathan Lee Tarpein, Sr., and Nicholas Ryan Fox,<br><br>        Plaintiffs,<br><br>    v.<br><br>South Carolina Department of Natural Resources; Robert Boyles, in his Official Capacity, and Officer William S. McDaniel,<br><br>        Defendants. | Case No. 1:23-cv-05683-JFA<br><br>**ORDER** |

## I.    INTRODUCTION

Nathan Tarpein, Sr. and Nicholas Fox ("Plaintiffs") filed this action against the South Carolina Department of Natural Resources ("SCDNR"), Robert Boyles ("Boyles"), and William McDaniel ("McDaniel") (collectively "Defendants"). The complaint alleges unreasonable search and seizure in violation of Title 42 U.S.C. § 1983 and the state-law claims of false arrest, malicious prosecution, defamation, and negligence pursuant to the South Carolina Torts Claim Act ("SCTCA"), S.C. Code Ann. § 15-78-10, *et seq*.

Plaintiffs' claims stem from their arrest on June 15, 2021. Plaintiffs allege that they were arrested and prosecuted for removing submerged timbers on the Georgia side of the Savannah River and that South Carolina law did not apply. Plaintiffs assert that they have suffered various injuries as a result of their arrests, including the wrongful denial of licenses to raise timber, incarceration, reputational damage, and the lengthy retention of their cell phones.

1

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge performed an initial review of Defendants' renewed motion to dismiss Plaintiffs' amended complaint (ECF No. 20) as well as Plaintiffs' motion to stay. (ECF No. 6).

Upon reviewing the motions and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that this court should grant in part and deny in part Defendants' motion to dismiss and stay the remainder of the case pending the resolution of state court criminal proceedings against Tarpein. (ECF No. 25). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Plaintiffs filed objections to the report on May 14, 2024 (ECF No. 26), to which Defendants replied (ECF No. 27). Thus, this matter is ripe for review.

## II.   STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not

required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion to dismiss is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore, no further recitation is necessary here. (ECF No. 25).

As an initial matter, there appears to be several conclusions within the Report to which Plaintiffs have not objected. For their part, Defendants lodge no objections to the Report and only contest Plaintiffs' objections. The Report recommends that Defendants' motion to dismiss should be granted in part and denied in part in the following particulars: (1) allowing Plaintiffs' claims pursuant to 42 U.S.C. § 1983 to proceed as to McDaniel but dismissing any state law claims against him; (2) allowing Plaintiffs' state-law claims to proceed as to SCDNR; and (3) dismissing Boyles from this case. The Magistrate Judge also recommends staying this action pending resolution of the criminal proceedings in state court.

Plaintiffs appear to object only to the recommendation that the state law claims against McDaniel be dismissed. Accordingly, the court will conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which Plaintiffs have objected. The remainder of the Report, including the conclusions that Plaintiffs' state law claims as to the SCDNR may proceed and Boyles be fully dismissed, will be reviewed for clear error.

4

The crux of Plaintiffs' objections is that they take issue with the Magistrate Judge's conclusion that they have failed to properly plead and support allegations of malice which is an element necessary to their claims of false arrest, malicious prosecution, and defamation pursuant to the South Carolina Torts Claims Act ("SCTCA").[1] The Report specifically states that:

> Plaintiffs' allegations that McDaniel did or did not act with the intent to harm and/or with malice, without further factual enhancement, is insufficient to overcome the SCTCA's immunity provided to McDaniel, where the amended complaint is otherwise devoid of any allegation that McDaniel's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.

(ECF No. 25, p. 11)(internal quotations omitted ).

In response, Plaintiffs aver that the facts mentioned elsewhere in the amended complaint support a claim of malice as to McDaniel. Specifically, Plaintiffs allege that any reasonable officer would have known that South Carolina's criminal laws did not apply at the time of arrest as the conduct occurred in Georgia (or exclusively Federal) waters. Accordingly, McDaniel's use of South Carolina law to initiate a search and arrest are

---

[1] The SCTCA is "the exclusive remedy for any tort committed by an employee of a governmental entity." S.C. Code Ann. § 15-78-70(a). "The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, contained" within the SCTCA. S.C. Code Ann. § 15-78-40. As relevant here, the SCTCA additionally provides a "governmental entity is not liable for the loss resulting from . . . employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-60(17); *see also id.* at § 15-78-70(b). "[U]nder the SCTCA, for a given tort, either the governmental entity or the employee is liable but not both." *Newkirk v. Enzor*, 240 F. Supp. 3d 426, 436 (D.S.C. 2017). Because there are no allegations that McDaniel acted outside the scope of his employment, Plaintiffs must allege actual malice or intent to harm to maintain state law claims against McDaniel.

indicative of malice. By extension, Plaintiffs contend that any arguments against a finding of malice are akin to an affirmative defense that cannot bar a claim at the pleadings stage.

Initially, the court disagrees that allegations as to malice, or lack thereof, are affirmative defenses. Defendants may certainly defend their claims by showing lack of malice. However, under the SCTCA, malice is an essential element of Plaintiffs' state law claims against McDaniel and therefore it must be properly plead and supported by facts. Plaintiffs may not simply aver that in "making these arrests, Officer McDaniel acted with intent to harm and/or with malice" (ECF No. 18, ¶¶ 30-33) to satisfy the pleading requirements. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)( "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")(cleaned up).

Next, the court also disagrees with Plaintiffs' position that the amended complaint contains facts which would allow the court to draw a reasonable inference that Officer McDaniel acted with malice or intent to harm. Plaintiffs' position is based solely on allegations that South Carolina law did not apply, a reasonable officer would have known South Carolina Law did not apply, and, therefore, McDaniel was unreasonable. As Plaintiffs would have it, these allegations "plainly allow[] the court to draw a reasonable inference that the defendant is liable for he misconduct alleged." The court is unconvinced. The amended complaint's allegations that McDaniel's actions were "unreasonable," or contrary to what a "reasonable" officer would do, do not suffice.

6

Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Ultimately, this court agrees with the Report's conclusion that "a close reading of these allegations does not indicate that McDaniel acted with the requisite intent, where Plaintiffs allege only what a 'reasonable law enforcement officer' would have known or did, not what McDaniel knew or did, beyond asserting in a conclusory manner that McDaniel acted with intent to harm and/or with malice, or, in the alternative, did not." (ECF No. 25, p. 13).

Plaintiffs attempt to bolster their position by pointing to prior cases wherein factual claims were used to support assertions of actual malice. However, each case is factually and procedurally distinguishable from this action. For instance, Plaintiffs point to *Patterson v. Stirling*, C/A No. 2:22-03183-BHH-MGB, 2022 WL 22269948, at *8 (D.S.C. Nov. 9, 2022)[2]. In that case, the court was required to liberally construe the allegations along with all other filings when determining the existence of claim because of that plaintiff's *pro se* status. Here, Plaintiffs are represented by counsel who have now been given multiple opportunities to enhance and clarify the allegations in support of their claims. Despite this, they have failed to offer anything other than conclusory assertions devoid of requisite factual support.

---

[2] The factual claims and supporting allegations in that case are vastly different than those at issue in this matter and therefore *Patterson* is of limited precedential value.

7

Plaintiffs further aver that "it is the understanding of [Plaintiffs counsel] that writings generally rely on some attempt by the reader to understand what is being said, and drafters of complaints are not required to make the allegations so clear that a Defendant insistent on misunderstanding cannot claim there is an ambiguity." This attempt to cast doubt on the Magistrate Judge's inferential reasoning skills is unavailing. Plaintiffs' counsel is required to draft a complaint that contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Atlantic Corp. v. Twombly*, 550 U.S. 544, 580 (2007). Here, the amended complaint contains only conclusory assertions that McDaniel acted with malice. These allegations fail to adequately support Plaintiffs' state law claims against McDaniel.

Plaintiffs do not appear to contest that any negligence-based claims against McDaniel must fail. When asserting claims against a state officer in his individual capacity "all of the SCTCA exceptions require a requisite element of intent," an intent to harm, and "[c]laims for negligence . . . lack such intent," including claims for gross negligence. *Strickland v. Oconee Cnty. Sheriff's Off.*, C/A No. 8:19-3176-BHH-KFM, 2021 WL 4691776, at *11 (D.S.C. June 1, 2021), report and recommendation adopted, C/A No. 8:19-3176-BHH, 2021 WL 4145850 (D.S.C. Sept. 13, 2021). Accordingly, the Report correctly concludes that all negligence claims against McDaniel must be dismissed.

The remainder of the Report goes unchallenged by either party and this court is not required to give an explanation for adopting these portions. A review of those portions of

the Report indicates that the Magistrate Judge correctly concluded that Boyles should be dismissed, the § 1983 claims against SCDNR should be dismissed, and the § 1983 claims against McDaniel may proceed.

## IV. CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 25). For the reasons discussed above and in the Report, Defendant's motion to dismiss (ECF No. 20) is granted in part and denied in part. Specifically, Plaintiffs' claims pursuant to 42 U.S.C. § 1983 may proceed as to McDaniel but the state law claims against McDaniel are dismissed, (2) Plaintiffs' state-law claims may proceed as to SCDNR, but all § 1983 claims against SCDNR are dismissed, and (3) Boyles is dismissed from this case entirely.

Additionally, the motion to stay (ECF No. 6) is granted. This matter is stayed pending resolution of state court criminal proceedings against Tarpein and Plaintiffs are ordered to apprise the court of the status of the criminal proceedings every 60 days and to notify the court when the criminal charges are resolved such that the stay can be lifted. This matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

August 1, 2024                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge